IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02236-LTB-CBS

GEORGE W. WALKER,
    Plaintiff,
v.

UNIVERSITY OF COLORADO- BOARD OF REGENTS,
    Defendant.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Mr. Walker's failure to respond to the court's Order to Show Cause dated February 7, 2007 (doc. # 7). Pursuant to the Order of Reference dated November 9, 2006 (doc. # 2), this civil action was referred to the Magistrate Judge to, *inter alia*, "[h]ear and determine pretrial matters, including discovery and other non-dispositive motions . . . and submit proposed findings of fact and recommendations for rulings on dispositive motions."

I.    Statement of the Case

    Proceeding *pro se*, Mr. Walker filed the instant action on November 7, 2006, alleging that he was denied his rights to due process and equal protection in violation of 42 U.S.C. § 2000e-2 ("Title VII") and Title 42 U.S.C. §§ 1981 and 1983 when Hank Brown rather than Mr. Walker was selected as Interim President of the University of Colorado on or about April 15, 2005. (*See* Complaint at pp. 1-4). As relief, Mr. Walker

1

"requests that the court fully investigates the Defendants civil rights record [sic]," among other things. (Complaint at p. 6).

A Scheduling Conference was set by the court's Order dated November 22, 2006 (doc. # 6).  A copy of the Order was mailed to Mr. Walker at 1250 Sherman St., Denver, Colorado 80203, the address provided to the court by Mr. Walker.  (*See* Complaint at p. 7).  The court's records indicate that Mr. Walker's copy of the Order was not returned to the court as undeliverable.  It appears that Mr. Walker was aware of the Scheduling Conference, as he hand-delivered papers regarding the Scheduling Conference to counsel for the Defendant shortly before February 7, 2007.

The court held the Scheduling Conference on February 7, 2007 at 9:15 a.m. While Defendant has not yet been served in this civil action, counsel for Defendant observed the proceedings.  Mr. Walker did not appear.  Nor did Mr. Walker contact the court to explain his failure to appear.

On February 7, 2007, pursuant to the Local Rules of Practice for the United States District Court for the District of Colorado, D.C. COLO. LCivR 41.1., the court issued an Order to Show Cause.  The court directed Mr. Walker to show cause in writing on or before February 23, 2007 why the Complaint should not be dismissed for his failure to appear at the February 7, 2007 Scheduling Conference, his failure to prosecute this civil action, and his failure to comply with the court's Order.  The court warned Mr. Walker that failure to respond to the Order to Show Cause on or before February 23, 2007 may result in dismissal of the Complaint without further notice.  As of the date of this Recommendation, Mr. Walker has not responded to the court's Order to

Show Cause.

As Mr. Walker has failed to respond to the court's Order to Show Cause, failed to appear at the February 7, 2007 Scheduling Conference, failed to prosecute this civil action, and failed to comply with the Local Rules of Practice for the United States District Court for the District of Colorado, the Federal Rules of Civil Procedure, and court orders, the court recommends that this civil action be dismissed without prejudice.

II.     Statute of Limitations May Bar Refiling Even Upon Dismissal Without Prejudice

The Tenth Circuit Court of Appeals has held that "when a case is dismissed with prejudice or dismissed without prejudice at a time when the statute of limitations would ban refiling, a trial court must explain why it imposed the extreme sanction of dismissal." *Woodmore v. Git-N-Go*, 790 F.2d 1497, 14999 (10th Cir. 1986). Here, the court recommends dismissal without prejudice. However, the statute of limitations may bar refiling upon dismissal, even if the dismissal were stated to be without prejudice.

A.     Statute of Limitations for Claims Brought Pursuant to 42 U.S.C. § 1983

Section 1983 claims are subject to the most appropriate state statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 266 (1985); *Industrial Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994). Colorado law provides a two-year statute of limitations for actions brought pursuant to § 1983. *See* Colo. Rev. Stat. § 13-80-102(g) (establishing a two-year limitation period for "all actions upon liability created by a federal statute where no period of limitation is

3

provided in said federal statute" and for "all other actions of every kind for which no other period of limitation is provided"); *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir.1993) (applying § 13-80-102 to § 1983 claim).

The determination of when a § 1983 action accrues is controlled by federal rather than state law. *Smith v. Gonzales*, 222 F.3d 1220, 1222 (10th Cir. 2000) (citation omitted). "Section 1983 claims accrue, for the purpose of the statute of limitations, 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.' " *Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir.1991) (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir.1980)) (further quotations omitted). "The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of injury which is the basis of his action." *Industrial Constructors Corp.*, 15 F.3d at 969. Mr. Walker alleges that he "was denied due process and equal protection by the Defendant on April 5, 2005." The two-year statute of limitations for Mr. Walker's § 1983 claims may bar refiling even upon dismissal without prejudice. Thus, the court must analyze the factors set forth in *Ehrenhaus v. Reynolds* in order to explain the sanction of dismissal. 965 F.2d 916, 920 (10th Cir. 1992) (reviewing district court's dismissal of complaint with prejudice as sanction for violation of discovery order). *See Gripe v. City of Enid, Oklahoma*, 312 F.3d 1184, 1187 (10th Cir. 2002) ("dismissal as a sanction under Rules 16(f) and 37(b)(2)(C) should ordinarily be evaluated under" *Ehrenhaus* factors); *Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994) (involuntary dismissal pursuant to Fed. R. Civ. P. 41(b) "should be determined by reference to the *Ehrenhaus*

criteria").[1]

B.    Analysis of *Ehrenhaus* Factors

The *Ehrenhaus* criteria are "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal . . . would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  965 F.2d at 921 (internal quotation marks and citations omitted).  "These factors do not create a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction."  *Ehrenhaus*, 965 F.2d at 921.

There has been minimal actual prejudice to the Defendant.  While Defendant has not yet been served in this civil action, counsel for Defendant appeared to observe the proceedings on February 7, 2007, for which Mr. Walker did not appear.  The record does not reveal that anyone other than Mr. Walker is culpable for his failures to respond to the court's Order to Show Cause, to appear at the February 7, 2007 Scheduling Conference, to prosecute this civil action, and to comply with the Local Rules of Practice for the United States District Court for the District of Colorado, the Federal Rules of Civil Procedure, and court orders.  Mr. Walker has not shown that he was unable to perform his obligations in this case.  Mr. Walker was fully warned of the possibility of dismissal for failure to comply with the Order to Show Cause.  There was no lesser sanction available under the circumstances, as it would have been pointless

---

[1] As the court analyzes the *Ehrenhaus* factors for purposes of Mr. Walker's § 1983 claims, it need not also determine whether the statute of limitations may bar refiling of Mr. Walker's other claims.

to impose a financial sanction on a plaintiff who has failed to comply with any other court orders.  Dismissal is appropriate to enforce the Local Rules of Practice for the United States District Court for the District of Colorado, the Federal Rules of Civil Procedure, and the court's orders as well as to protect the integrity of the judicial process.

Accordingly,

IT IS RECOMMENDED that this civil action be DISMISSED WITHOUT PREJUDICE for Mr. Walker's failure to respond to the court's Order to Show Cause, failure to appear at the February 7, 2007 Scheduling Conference, failure to prosecute this civil action, and failure to comply with the Local Rules of Practice for the United States District Court for the District of Colorado, the Federal Rules of Civil Procedure, and court orders.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made.  28 U.S.C. § 636(b)(1).  A general objection that does not put the district court on notice of

the basis for the objection will not preserve the objection for *de novo* review. *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060. Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling). *But see,*

*Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 5th day of March, 2007.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge