IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02236-LTB-CBS

GEORGE W. WALKER,
          Plaintiff,
v.

UNIVERSITY OF COLORADO- BOARD OF REGENTS,
          Defendant.
_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

        This civil action comes before the court on Mr. Walker's "Motion to Produce

Documents" (filed March 15, 2007) (doc. # 13).  Pursuant to the Order of Reference

dated November 9, 2006 (doc. # 2) and the memorandum dated March 16, 2007 (doc.

# 15), this matter was referred to the Magistrate Judge.  The court has reviewed Mr.

Walker's Motion, the entire case file and the applicable law and is sufficiently advised

in the premises.


A.        Mr. Walker first requests that the court "produce the document ordering the

Plaintiff" to show cause by February 23, 2007.  On February 7, 2007, pursuant to the

Local Rules of Practice for the United States District Court for the District of Colorado,

D.C. COLO. LCivR 41.1., the court issued an Order to Show Cause.  The court directed

Mr. Walker to show cause in writing on or before February 23, 2007 why the Complaint

should not be dismissed for his failure to appear at the February 7, 2007 Scheduling

1

Conference, his failure to prosecute this civil action, and his failure to comply with the court's Order.  The court warned Mr. Walker that failure to respond to the Order to Show Cause on or before February 23, 2007 may result in dismissal of the Complaint without further notice.

A copy of the Order to Show Cause was mailed to Mr. Walker at 1250 Sherman St., Denver, Colorado 80203, the address provided to the court by Mr. Walker.  (*See* Complaint at p. 7;  Motion to Produce (doc. # 13) at p. 2)).  The court's records indicate that Mr. Walker's copy of the Order to Show Cause was not returned to the court as undeliverable.  As of the date of the Recommendation of United States Magistrate Judge (doc. # 9), Mr. Walker had not responded to the court's Order to Show Cause. The court will request that the Clerk of the Court mail another copy of the Order to Show Cause to Mr. Walker.


B.    Next, Mr. Walker requests "a signed copy of 'Notice of Availability of a United States Magistrate Judge to Exercise Jurisdiction.' "  Mr. Walker misapprehends the authority under which the Magistrate Judge has been operating in this civil action.

"[F]ederal magistrate [judges] are creatures of statute, and so is their jurisdiction." *NLRB v. A-Plus Roofing, Inc.*, 39 F.3d 1410, 1415 (9th Cir.1994). Unlike district judges, they are not Article III judicial officers, and they have only the jurisdiction or authority granted to them by Congress, which is set out in 28 U.S.C. § 636. *See Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461 (10th Cir.1988).

Pursuant to 28 U.S.C. § 636(c)(1), "[u]pon the consent of the parties, a . . .

2

magistrate . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves." 28 U.S.C. § 636(c)(1).[1] A party may appeal a judgment entered under this section to either the district court or a court of appeals, in the same way in which a district court judgment is appealed to the court of appeals. 28 U.S.C. § 636(c)(3), (4).

Where, as here, the parties did not consent to proceeding before the magistrate judge under § 636(c)(1), the district court may still designate a magistrate judge to consider various matters pursuant to § 636(b). These matters are generally categorized as "dispositive" or "non-dispositive," *see United States v. Raddatz*, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72, and a magistrate judge's authority with respect to each category is different. Section 636(b)(1)(A) authorizes a judge to designate a magistrate judge to hear and determine any pretrial matter except for

---

[1]     Section 636(c)(2) explains the consent requirement more fully:

If a magistrate judge is designated to exercise civil jurisdiction under paragraph (1) of this subsection, the clerk of court shall, at the time the action is filed, notify the parties of the availability of a magistrate judge to exercise such jurisdiction. The decision of the parties shall be communicated to the clerk of the court. Thereafter, either the district court judge or the magistrate judge may again advise the parties of the availability of the magistrate judge, but in so doing, shall also advise the parties that they are free to withhold consent without adverse substantive consequences. Rules of court for the reference of civil matters to magistrate judges shall include procedures to protect the voluntariness of the parties' consent.

certain dispositive motions listed therein.[2]  The district court reviews a section 636(b)(1)(A) determination to determine whether the "magistrate's order is clearly erroneous or contrary to law."  28 U.S.C. §636(b)(1)(A).  Section § 636(b)(1)(B) provides that "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for post-trial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement."  28 U.S.C. §636(b)(1)(A).  The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made.  28 U.S.C. § 636(b)(1).  The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1).

While no "signed copy of 'Notice of Availability of a United States Magistrate Judge to Exercise Jurisdiction' " was filed in this civil action pursuant to § 636(c)(1), the district court designated a magistrate judge to consider various matters pursuant to § 636(b).  As no "signed copy of 'Notice of Availability of a United States Magistrate

---

[2]     Section 636(b)(1)(A) provides:

"a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action."

Judge to Exercise Jurisdiction' " was filed in this case, there is no such document to produce and Mr. Walker's Motion is properly denied.

C.      Finally, Mr. Walker asks the court to "produce some statistics as to how many actions are dismissed before the Defendant even answers the Plaintiff's Complaint, when neither party withdraws."  Here, the record indicates that Mr. Walker has not yet served the Defendant with the summons and Complaint in this action.  As Mr. Walker has not demonstrated any basis for his request, the request is properly denied.

Accordingly, IT IS ORDERED that Mr. Walker's "Motion to Produce Documents" (filed March 15, 2007) (doc. # 13) is GRANTED IN PART AND DENIED IN PART.  The Clerk of the Court shall mail Mr. Walker another copy of the court's February 7, 2007 Order to Show Cause (doc. # 7).  In all other respects, the Motion is denied.

DATED at Denver, Colorado, this 19th day of March, 2007.

BY THE COURT:


__s/Craig B. Shaffer_____
United States Magistrate Judge


5